UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JERMAINE HARDY,

    Petitioner,

v.                                                                     Case No. 1:16-cv-1130

ERNST CHRISTIAN GAUDERER,             HON. GORDON J. QUIST
*et al.*,

    Respondent.
                              /

## ORDER ADOPTING IN PART
## REPORT AND RECOMMENDATION

        This is a *pro se* civil rights action brought pursuant to 42 U.S.C. § 1983 by a state prisoner in the custody of the Michigan Department of Corrections. On December 22, 2016, Defendants Michelle Bratel and Heather Woodin brought a motion for summary judgment based solely on Plaintiff Jermaine Hardy's failure to exhaust administrative remedies. On August 14, 2017, Magistrate Judge Ray Kent issued a Report and Recommendation (R & R) recommending that the Court grant Bratel's motion for summary judgment as to Hardy's fourth cause of action due to his failure to properly exhaust his claim that Bratel fabricated documents for the purpose of denying him medical treatment.[1] (ECF No. 80 at PageID.659.) Hardy filed an objection to the R & R on August 28, 2017. (ECF No. 81 at PageID.666.)

        Hardy admits that he failed to exhaust his administrative remedies for the claim that Bratel fabricated documents for the purpose of denying him medical treatment. (ECF No. 81 at

---

[1] As the magistrate judge noted in the R & R, Hardy sought no relief against Woodin in the cause of action in question, and therefore the Court will only address whether Hardy has exhausted his claims against Bratel.

PageID.667.) However, Hardy requests that the Court parse his fourth cause of action, and only dismiss the portion relating to Bratel allegedly "fabricat[ing] his in-take documents to deny treatment." (*Id.*) Hardy's Fourth cause of action reads as follows:

> Plaintiff alleges that defendant Bratel was directly involved with Gauderer, had the knowledge and acquiescence and knew Plaintiff would suffer withdrawals when his Wellbutrin was stopped "cold turkey" and fabricated his in-take documents to deny treatment, constituted deliberate indifference in violation of the Eighth Amendment.

(ECF No.1 at PageID.13) In her motion, Bratel herself claimed that she was entitled to summary judgment on the grounds that Hardy failed to exhaust the fabrication allegation specifically, and not the entire fourth cause of action. (ECF No. 14 at PageID.105.)

Parsing out the clause "and fabricated his in-take documents to deny treatment" leaves the cause of action with the allegation, in summary, that Bratel knew Hardy "would suffer withdrawals" from Wellbutrin which "constituted deliberate indifference in violation of the Eighth Amendment." This is similar to Hardy's sixth cause of action, which "alleges that Gauderer, Bratel and Woodin knew that he *was* suffering from Wellbutrin withdrawals." (ECF No. 1 at PageID.14.) (emphasis added) The differences between the proposed parsed fourth and the sixth causes of action are the inclusion of Gauderer and Woodin in the latter, and the verb tense of the effect on Hardy, i.e. the conditional "would suffer" versus the past continuous "was suffering." While the Court expresses no opinion as to the viability of Hardy's claims for deliberate indifference, under Federal Rule of Civil Procedure Rule 8(e)(2), he can plead alternative statements of a claim. However, he cannot simply restate a claim for deliberate indifference in order to gain a double recovery.

Therefore, the magistrate judge properly dismissed the allegation that Bratel "fabricated [Hardy's] in-take documents to deny treatment." However, the Court agrees with Hardy that his

fourth cause of action should not be dismissed in its entirety, and therefore dismisses only the fabrication allegation without prejudice. The R & R is therefore adopted to the extent that it dismisses the fabrication claim.

Hardy also objected to some facts stated in the R & R, such as Woodin's job title and the date of his depression diagnosis. (ECF No. 81 at PageID.667.) The R & R is not determinative as to these facts and they may be determined at a later stage. This order relates only to the question of exhaustion.

Therefore, **IT IS HEREBY ORDERED** that the Magistrate Judge's Report and Recommendation issued August 14, 2017, (ECF No. 80) is **APPROVED IN PART AND ADOPTED IN PART** as the Opinion of this Court, and Petitioner's Objection (ECF No. 81) is **SUSTAINED IN PART**.

**IT IS FURTHER ORDERED** that Defendant Bratel's Motion for Summary Judgment based on lack of exhaustion (ECF No. 13) is **GRANTED IN PART AND DENIED IN PART**.

Dated: September 29, 2017                 /s/ Gordon J. Quist
                                                      GORDON J. QUIST
                                     UNITED STATES DISTRICT JUDGE