UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JERMAINE HARDY,

    Plaintiff,

v.                                                 Case No. 1:16-CV-1130

ERNST CHRISTIAN GAUDERER, et al.,        HON. GORDON J. QUIST

    Defendants.
_____/

# ORDER ADOPTING
# REPORT AND RECOMMENDATION

    This is a civil rights action brought by a state prisoner, Jermaine Hardy, under 42 U.S.C. § 1983. On May 17, 2017, Defendant Gauderer filed a motion for summary judgment. (ECF No. 66.) On March 5, 2018, Magistrate Judge Ray Kent issued a Report and Recommendation (R & R), recommending that the Court grant Gauderer's motion. (ECF No. 96.) Hardy filed Objections. (ECF No. 99.)

    Under Federal Rule of Civil Procedure 72(b), a party "may serve and file specific written objections" to the R & R, and the Court is to consider any proper objection. Local Rule 72.3(b) likewise requires that written objections "shall specifically identify the portions" of the R & R to which a party objects. Under 28 U.S.C. § 636(b), upon receiving objections to a report and recommendation, the district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." After conducting a de novo review of the R & R, Hardy's Objections, and the pertinent portions of the record, the Court concludes that the R & R should be adopted.

Hardy first objects that the R & R inappropriately rejected his 45 page "declaration" because it was not in the form required by 28 U.S.C. § 1746. Hardy's declaration qualified that it was based on his beliefs, which is insufficient under § 1746, Federal Rule of Civil Procedure 56, and Sixth Circuit precedent. The R & R found that the declaration could therefore not be used as a substitute for an affidavit. Hardy objects and cites case law in asserting that the Court can accept his declaration. This objection is unnecessary because the R & R did address the factual allegations in Hardy's declaration, and the R & R's legal conclusions were unaffected. (ECF No. 96 at PageID.701–02.)

Hardy objects to the R & R's conclusion that Gauderer used his medical judgment in discontinuing Hardy's Wellbutrin prescription, and that his Eighth Amendment claim is more than a "difference of opinion" between Hardy and Gauderer. Hardy's central objection is that a jury could find that Gauderer discontinued his Wellbutrin because it was non-formulary and because of cost. Whether a drug is formulary or non-formulary can certainly be a consideration in a doctor's medical judgment. As to cost, Hardy "has failed to provide any evidence that cost was the 'sole' factor." *Simpkins v. Corr. Corp. of Am.*, No. 3:07-0948, 2008 WL 5158182, at *13 (M.D. Tenn. Dec. 9, 2008) (R & R). Hardy failed to show that Gauderer did anything but exercise his medical judgment. Hardy's difference of opinion does not suffice. *Estelle v. Gamble*, 429 U.S. 97, 107–08, 97 S. Ct. 285, 292–93. His Eighth Amendment claims are not cognizable under § 1983.

Hardy objects to the R & R's conclusion that his First Amendment retaliation claim fails. The R & R found that Hardy failed to show an adverse action, as required by *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999), because he did not demonstrate that Gauderer altered or fabricated his medical records. Hardy now makes the conclusory statement that Gauderer

fabricated his records and that "[t]his was an adverse action." "Conclusory statements unadorned with supporting facts are insufficient to establish a factual dispute that will defeat summary judgment." *Alexander v. CareSource*, 576 F.3d 551, 560 (6th Cir. 2009). Hardy also relies on a temporal connection alone to establish causation. In the totality of the circumstances, this is insufficient. *See Holzemer v. City of Memphis*, 621 F.3d 512, 526 (6th Cir. 2010) (stating that "often evidence in addition to temporal proximity is required"). Accordingly, the R & R will be adopted.

Therefore,

**IT IS HEREBY ORDERED** that the Magistrate Judge's Report and Recommendation (ECF No. 96) is **APPROVED AND ADOPTED** as the Opinion of this Court, and Defendant Gauderer's Motion for Summary Judgment (ECF No. 66) is **GRANTED**, and Gauderer is **DISMISSED** from this action.


Dated: March 26, 2018                                /s/ Gordon J. Quist
                                                    GORDON J. QUIST
                                              UNITED STATES DISTRICT JUDGE